(No. 760—Claimant awarded $8,564.08 with interest.)

Libby B. Hill *et al.,* Claimant, *vs.* State of Illinois, Respondent.

*Opinion filed September 16, 1924.*

Inheritance tax—*when refund will be made. Sec. 25.* Where an inheritance tax is assessed under Sec. 25, Inheritance Tax Law, and 'is paid, and afterwards certain contingencies mentioned in the will become extinguished and the estate becomes vested in the devisee, and the court in a proper proceeding reassessed and fixed the tax upon all succession under the will: *Held*—claimants are entitled to a refund of the difference between the amount of the tax paid on the original assessment and the amount fixed on the reassessment of the tax with interest at 3%.

Mayer, Meyer, Austrian & Platt, for claimant.

Edward J. Brundage, Attorney General; George C. Dixon, Assistant Attorney General, for respondent.

Mr. Justice Phillips delivered the opinion of the court:

The petitioners, Libby B. Hill, Watson B. Hill and Jean Patterson Hill, who are respectively the widow, son and daughter of Watson Hill, late of Cook county, Illinois, deceased, represent that said Watson Hill died a resident of Chicago in said Cook county, May 17, 1913, leaving a last will and testament, dated April 27, 1910, and a codicil thereto dated February 6, 1912, which were duly admitted to probate in said county of Cook June 27, 1913; that in and by said will the Northern Trust Company was appointed executor thereof, and said estate was by him duly administered, declared settled and the executor discharged March 12, 1915.

On October 30, 1913, the county court fixed the total inheritance taxes upon all successions under said will at the aggregate sum of fourteen thousand two hundred forty-five dollars and seventy-eight cents ($14,245.78), pursuant to which order the executor paid the county treasurer of said county the sum of thirteen thousand five hundred thirty-

three and 49/100 dollars ($13,533.49) being the amount so found due after the deduction of the statutory 5%.

By the 36th clause in his said will the testator directed that in the event all the aforesaid petitioners should die before the expiration of the term of ten years after his death, leaving no issue of a deceased child of his living at the time of the death of the last survivor of said petitioner, then and in that event the residue of the trust estate should be divided, transferred and delivered as follows: one-fourth to the testator's sister, Emily Hill; if she were not living then to her heirs at law; one-fourth thereof to testator's niece, Mattie H. Wright, and if she were not living then to her heirs at law; one-fourth thereof to Jennie S. Walts, sister of the petitioner, Libby B. Hill, and if said Jenny S. Walts were not living, then to her heirs at law and the remaining one-fourth to DePauw university of Greencastle, Indiana.

This was all that part of the will that is material in the issues of this case. That in fixing and assessing the inheritance taxes at the said sum of $14,245.78 one-half of the remainder of the entire estate of the deceased, subject to certain equitable estates by said will devised for the term of ten years after the death of said decedent, was taxed at the rate of 4 per cent and the other half of such remainder was taxed at the rate of 6 per cent, by reason of the aforesaid contingent devices made under the 36th clause of said will and pursuant to the provisions of section 25 of the Inheritance Tax Laws of this State in force July 1, 1909, and at the highest possible rate thereunder, upon the assumption that the contingency specified in the 36th clause would occur, namely that the petitioners would all die before the expiration of the term of ten years after the death of the testator leaving no issue of a deceased child of the testator living at the time of the death of the last survivor of the three petitioners. The petitioners aforesaid did and have survived beyond the term of ten years after the death of the testator, hence all the aforesaid contingencies mentioned in said clause 36, contemplated in and by the original appraisement and assessment of inheritance taxes herein have become and are now extinguished; and under said clause 36 in the will, wherein certain estates were subject only to the life estate of said Emily Hill in a certain parcel of real estate therein described, and on May 17, 1923, each of the three petitioners became and are now

seized and possessed of the one-third part of the residuary estate of the testator, and are entitled to enjoy the same free from any contingency.

On October 3, 1923, the county court of Cook county, with the consent and approval of the Attorney General of this State, re-assessed and fixed the total inheritance taxes upon all the successions under the said will at the aggregate sum of $5,230.96.

From the evidence on file the three petitioners, Libby B. Hill, Watson B. Hill and Jean Patterson Hill, are entitled to a refund of $8,564.08, on computation as follows:

| | |
|---|---|
| Original tax | $14,245.78 |
| Less 5% statutory discount | 712.29 |
| Net tax | $13,533.49 |
| On re-assessment less 5% | $ 4,969.41 |
| Amount of refund due petitioners | $ 8,564.08 |

Accordingly an award is made to said petitioner in said sum of $8,564.08, with 3 per cent interest per annum from November 10, A. D. 1913.